Pearson, J.
 

 We
 
 do not concur with his Honor, in the view taken of the question presented by the facts in this case. His charge, in substance, was : although the deed of trust executed by the defendant, conveyed all of his visible property, and was made with intent to defraud his creditors ; and although the trustee had much of the property bid off by an agent, for the purpose of passing it to a son of tire defendant, then under age, whenever he paid the amount of the bids, •which conveyance had not been made, (the full amount of the bids not having, up to that time, been paid;) and although one Williams also bid off much of the property, and agreed to let the defendant’s son have it upon the payment of the amount of his bids, which was arranged accordingly ; and although, according to the testimony of the trustee and Williams, “ this property, valued at. some fifteen thousand dollars, was left with the son, with the understanding, that if he would
 
 labor, and fay for it,
 
 they would make him a title ;” and although no proof was offered as to the fecudar
 
 Idnd of labor
 
 done by the son, whereby a youth, eighteen years of age, can realize as the nett profit of his
 
 labor,
 
 some $6,000 or $7,000, within less than one year; and although the defendant had, on the day of sale, persuaded people not to bid against the trustee, or Williams, “ saying he did not know what would become of his family;” yet, the jury should not find against the defendant, upon the issues, unless they believed the property was purchased for the defendant! This of course Yas not the fact; because the defendant knew he could not hold property, and the object was to get the title in the son of the defendant. A more palpable case of fraud can scarcely be imagined.
 

 We can only account for the error into which his Honor
 
 *145
 
 fell, by supposing tliat he had taken up the idea that the oath which the creditor is required to take by the Act of 1844, changed the law in regard to the whole subject matter, so as only to make a debtor liable, if, at the time of the commencement of the proceeding, he held property, money, or effects, which could not be reached by a
 
 fieri
 
 facias, in a way to de-. fraud his creditors. We do not consider that the Act of 1844, made so radical a change in the law, as to make it necessary for the creditor to prove, upon an issue of fraud, that the debtor, at
 
 that time,
 
 held property, money, or effects, which were concealed by him, so as to defeat the writ of
 
 fieri facias.
 
 We are satisfied that the intention was to leave open the question, as to whether the debtor had not,
 
 before that
 
 time, made a conveyance of his property for the purpose of defrauding creditors ; and although the right of property, as between the parties, had passed out of the debtor, yet, if, as against creditors, the conveyance was void, the debtor eannot be allowed to take the oath and claim his discharge, unloss he makes a full disclosure, and sots out in a schedule, the property so fraudulently conveyed ; not
 
 his
 
 right, but the
 
 corpus
 
 of the property, as is held in
 
 Adams
 
 v. Alexander, 1 Ire. 501, where tlie subject is fully discussed.
 

 'So, in the point of view in which we look at the case, viz : assuming, as the Judge does in his charge, that the deed of trust, and the purchase under it for, and on behalf of, the son, were both fraudulent, we differ from him in the opinion that the creditor was not entitled to a verdict, unless the purchase was made for the debtor, so as to revest the property in him.
 

 If a debtor makes a voluntary conveyance, with an intent to defraud creditors, and the donee sells
 
 bona fide,
 
 and for a valuable consideration, the purchaser can hold against the donor’s creditors ; because the valuable consideration, and
 
 bona fides
 
 on his part, are taken to supply the want of both those quali ties in the first conveyance. This doctrine does not apply to our case; for the Judge assumes a want of
 
 bona fides,
 
 as well as a want of ability to pay a valuable consideration, on the part of the son, and makes the case turn upon the fact,.did
 
 *146
 
 the son. purchase for the benefit of the father; whereas it ought to have been put on the' fact of
 
 lonco
 
 fides, and. value paid by the son, so as to supply the absence of both of these essentials in the conveyance to the trustee.
 

 Per Curiam.
 

 Venire de novo.